13-2203-ag
*Abbas v. Holder*

BIA
Rocco, IJ
A078 389 008

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of July, two thousand fourteen.

PRESENT: RALPH K. WINTER,
PIERRE N. LEVAL,
DENNY CHIN,
   *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

NAVID ABBAS,
   *Petitioner*,

   v.            13-2203-ag

ERIC H. HOLDER, JR., United States Attorney
General,
   *Respondent*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PETITIONER: H. RAYMOND FASANO, Youman, Madeo & Fasano, LLP, New York, New York.

FOR RESPONDENT: NICOLE R. PRAIRIE, Trial Attorney (Stuart F. Delery, Assistant Attorney General; Edward J. Duffy, Senior Litigation Counsel, *on the brief*), Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Navid Abbas, a native and citizen of Pakistan, seeks review of a May 8, 2013 decision of the BIA affirming the July 15, 2011 decision of Immigration Judge ("IJ") Michael Rocco, ordering Abbas removed from the United States. *In re Navid Abbas*, No. A078 389 008 (B.I.A. May 8, 2013), *aff'g* No. A078 389 008 (Immig. Ct. Buffalo July 15, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The only issue before us is whether the doctrine of res judicata barred the initiation of removal proceedings against Abbas based on the IJ's termination of rescission proceedings in 2008, when the IJ granted Abbas's unopposed motion to terminate the rescission proceedings for failure of proof of timely service.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We

-2-

review decisions regarding the application of the doctrine of res judicata *de novo*. *See Channer v. Dep't of Homeland Sec.*, 527 F.3d 275, 279 (2d Cir. 2008).

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). The doctrine of claim preclusion "forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Id.* (internal quotation marks omitted). The related doctrine of issue preclusion "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment." *Id.* (internal quotation marks omitted). "[O]nce a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *see also Balderman v. U.S. Veterans Admin.*, 870 F.2d 57, 62 (2d Cir. 1989); *In re Fedorenko*, 19 I. & N. Dec. 57, 61 (B.I.A. 1984). Claim preclusion applies only if the first proceeding resulted in a final judgment on the merits. *Allen*, 449 U.S. at 94. Issue preclusion applies only to issues that were actually litigated and decided in the prior proceeding. *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 288 (2d Cir. 2002).

The rules of preclusion did not bar the initiation of removal proceedings against Abbas. The issues and facts underlying both Abbas's rescission and removal

proceedings were the same -- his inadmissibility based on his misrepresentation of U.S. citizenship in his passport application and his failure to disclose facts related to his inadmissibility in applying to adjust status. In Abbas's first proceeding, however, the IJ did not decide whether Abbas was inadmissible. Rather, the IJ granted Abbas's unopposed motion to terminate rescission proceedings on the procedural ground that the government failed to demonstrate timely service of its Notice of Intent to Rescind. As the prior proceeding neither resulted in a final judgment on the merits, nor adjudicated the issue of Abbas's inadmissibility, the government was not precluded from either initiating these removal proceedings or reasserting Abbas's inadmissibility.

For the foregoing reasons, the petition for review is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk